United States District Court
Southern District of Texas
**ENTERED**
June 24, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:21-cv-0143

LISA MARIE SEARCY, GCJ #347183, PLAINTIFF,

v.

JUDGE GRADY, *ET AL.*, DEFENDANTS.

## ORDER OF DISMISSAL

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff Lisa Marie Searcy, an inmate in the Galveston County Jail, proceeds *pro se* in this civil action and seeks a writ of mandamus.  Because Searcy is a prisoner and seeks redress from government officials, the court is required to scrutinize the pleadings and dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).  After reviewing the pleadings, the applicable authorities, and all matters of record, the court concludes that the petition for a writ of mandamus should be dismissed for the reasons stated below.

Searcy is detained in the Galveston County Jail awaiting trial in two cases in

1/4

which she is charged with injury to a child.[1]   Since March 2021, Searcy has filed
multiple other cases in this judicial district.  *See Searcy v. Trochesset*, Civil Action
No. 3:21-0054 (civil-rights action); *Searcy v. Paxton*, Civil Action No. 3:21-0113
(civil-rights action); *Searcy v. State Bar of Texas Office of Chief Disciplinary
Counsel*, Civil Action No. 3:21-0114 (civil-rights action, consolidated with Civil
Action No. 3:21-0113); *Searcy v. Paxton*, Civil Action No. 3:21-0115 (civil-rights
action, consolidated with Civil Action No. 3:21-0113); *Searcy v. Office of Attorney
General, Child Support Division*, Civil Action No. 3:21-0116 (civil-rights action,
consolidated with Civil Action No. 3:21-0113); *Searcy v. Darring*, Civil Action No.
3:21-0117 (civil-rights action, consolidated with Civil Action No. 3:21-0113);
*Searcy v. Trochesset*, Civil Action No. 3:21-0144 (habeas corpus action); *Searcy v.
Drug Enforcement Agency*, Civil Action No. 3:21-153 (civil-rights action); *Searcy
v. State of Texas*, Civil Action No. 3:21-0154 (mandamus action); *Searcy v.
Trochesset*, Civil Action No. 3:21-155 (habeas corpus action).

In the case at bar, Searcy brings claims against Judge Patricia Grady, 212th
District Court of Galveston County, who is presiding over her criminal
proceedings; the Galveston County Sheriff's Office; and Sheriff Henry Trochesset

---

[1]     *See* Inmate Inquiry, Galveston County Jail, available at http://p2c.co.galveston.
tx.us/jailinmates.aspx (last visited June 23, 2021); Criminal Record Search, Galveston
County, available at http://publicaccess.co.galveston.tx.us/default.aspx (last visited June
23, 2021).

of Galveston County.  Although Searcy filed her pleading in federal court, she used a form for a petition for a writ of mandamus in the Fourteenth Court of Appeals in Houston.  She appears to allege that Judge Grady has failed to rule on motions filed in her criminal proceedings in, including motions for a speedy trial.  As relief for her claims, she seeks her immediate release from custody.  Publicly available online records indicate that both criminal cases against Searcy are set for trial on August 17, 2021, and that Searcy is represented by court-appointed counsel.  *See* Criminal     Record     Search,     Galveston     County,     available     at http://publicaccess.co.galveston.tx.us/default.aspx (last visited June 23, 2021).

Searcy's request for a writ of mandamus is governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  *See also* 28 U.S.C. § 1651.  However, the three defendants named in Searcy's petition are not officers, employees, or agencies of the United States for purposes of § 1361.  Moreover, federal courts have no power to issue a writ of mandamus to direct state officials in the performance of their duties.  *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009).

3/4

Because the relief Searcy seeks is not available in a civil action under § 1361, the court orders that this case is **DISMISSED with prejudice** as legally frivolous under 28 U.S.C. § 1915A(b)(1).

The Clerk will provide a copy of this order to the parties.

Signed on Galveston Island this ﹍24th﹍ day of ﹍﹍June﹍﹍﹍﹍﹍, 2021.

﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍﹍
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

4/4